NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TIM ANDREWS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NORFOLK SOUTHERN CORP., : <br> NORFOLK SOUTHERN RAILROAD : <br> CORP., JOHN DOES (1-10), and : <br> ABC CORPS. (1-10), : <br> : <br> Defendants. : | Civil Action No.: 07-2688 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on the motion of Norfolk Southern Corp., et al., ("Norfolk Southern" or "Defendants") to dismiss the Complaint filed by Tim Andrews ("Andrews" or "Plaintiff"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendants' motion is granted in part, and this case is transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

A detailed factual background of Andrews's claims are not necessary to dispose of the current motion, as this Court writes only for the parties. A brief review of the highlights of Andrews's Complaint and the subsequent procedural history will, however, assist the Court in its analysis of the issues.

Plaintiff Andrews, who has a Georgia mailing address, began working for Norfolk Southern in March of 1998, and at the time of his termination was employed as a train engineer. (Compl. at 1; Count 1, ¶ 1-2; Count 4, ¶ 3.) On October 3, 2005, a separation occurred between cars in a train Andrews was operating "in the area of MP-36-H" while traveling from Chattanooga, Tennessee to Atlanta, Georgia. (Compl. at Count 1, ¶ 3.) He was terminated on October 25, 2005, after an investigation determined that the train had exceeded the maximum permitted speed at the time of the separation. (Compl. at Count 1, ¶ 7.) Andrews, an African-American, further claims that during his employment with Norfolk Southern he endured racial slurs, saw swastikas painted on trains in Atlanta, Georgia, and Chattanooga, Tennessee, and that he observed "KKK symbols" in an unnamed Norfolk Southern railyard. (Compl. at Count 4, ¶ 3; Count 5, ¶ 5-6.) With respect to his termination, Andrews claims that his co-worker, a Caucasian, was on October 3, 2005 treated more leniently than he based on race, and, finally, that his rights were violated in his termination proceedings. (Compl. at Count 5, ¶ 4, 7.)

Originally, Andrews filed his Complaint in the Superior Court of New Jersey, Hudson County, on April 18, 2007. Thereafter, Defendants removed the matter to this Court on June 8, 2007. (Def. Notice of Removal at 3.) Defendants filed the instant motion on July 2, 2007. Defendants seek dismissal of every count in Andrews's Complaint under Federal Rules of Civil Procedure 12(b)(1) as well as 12(b)(6), and alternatively move for dismissal due to improper venue or transfer. (Def. Br., passim.)

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) permits a party to file a motion to dismiss for improper venue in response to a pleading. A party moving for dismissal bears the burden of

showing that venue does not lie. Myers v. American Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982). The statutory requirement for establishing venue in a federal district court is provided by 28 U.S.C. § 1391, and in a case such as this, where jurisdiction is predicated by the parties based upon federal question subject matter jurisdiction, subsection (b) specifies:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); Compl. at Counts 6, 7. The Third Circuit has stated that the purpose of the venue statute is generally "to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (quoting LeRoy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979)).

### A.     Venue in the District of New Jersey

As an initial matter, this Court finds that venue is proper in New Jersey. The first subsection of 28 U.S.C. § 1391(b) permits venue to lie in "a judicial district where any defendant resides, if all defendants reside in the same State." As the moving party, Defendants bear the burden of showing that they do not reside in New Jersey under this subsection. Myers v. American Dental Ann'n, 695 F.2d 716, 724-25 (3d Cir. 1982). Defendants claim that venue is improper because both corporate defendants, the only known defendants in this matter, reside in Virginia. (Def. Br. at 18.) However, as Plaintiff correctly points out, the "substantial contacts" of Defendants in New Jersey suffice for the purposes of establishing venue. 28 U.S.C. §

1391(b)(1); Pl. Opp. Br., unpaginated.  Subsection (c) of the general federal venue statute states that a corporation resides, for purposes of venue, wherever the corporation is subject to personal jurisdiction.  28 U.S.C. 1391(c); IMS Health, Inc. v. Vality Tech. Inc., 59 F. Supp 2d 454, 469 (E.D.Pa. July 28, 1999).  Plaintiff has alleged that Norfolk Southern possesses sufficient contacts with the state of New Jersey for personal jurisdiction.  (Pl. Opp. Br., unpaginated.)  This Court, however, does not need to analyze the issue of personal jurisdiction, since defendants concede same in their reply brief: "[d]efendants do not contend that they are not subject to jurisdiction here . . ." (Def. Reply Br. at 7.)  Defendants' concession makes venue proper in the District of New Jersey under 28 U.S.C. § 1391(b)(1).

**B.      Transfer of Venue under 28 U.S.C. § 1404(a)**

Dismissal or lack of venue under 28 U.S.C. § 1406 applies only in cases where venue is improper.  The Court has found that venue is proper in the case at bar: therefore, dismissal for lack of venue is not appropriate.  However, under 28 U.S.C. § 1404(a) the matter may nevertheless be transferred.  Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001); Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Def. Br. at 20.  In cases where venue lies, such as this one, transfer is permissible where "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Defendants have requested that in the alternative to dismissal, this matter be transferred to the Northern District of Georgia. (Def. Br. at 20.)  In weighing whether such a transfer is proper, this Court must weigh a broad range of private interests, public interest, and concerns related to the administration of justice.  Jumara, 55 F.3d at 879-880.  The authority to transfer a case under §

1404 is broader than a court's authority under the doctrine of forum non conveniens: § 1404 permits the exercise of discretion in weighing whether the transfer of a case is proper. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Tischio v. Bontex, Inc., 16 F. Supp 2d 511, 519 n.9 (D.N.J. June 29, 1998). Finally, a plaintiff's choice of a non-home forum with minimal connection to any of the facts is afforded a lesser deference that would ordinarily be the case. Tischio, 16 F. Supp 2d at 521.

Initially, the Court finds that venue would be proper in the Northern District of Georgia. First, under 28 U.S.C. § 1391(b)(1), Defendants' have purposefully availed themselves of the Northern District's rail tracks and yards in this case. The destination of the rail line at issue was in Atlanta, a city within the Northern District of Georgia, and nothing appears to indicate that justice dictates otherwise. 28 U.S.C. § 1391(b)(1), (c); O'Connor v. Sandy Lane Hotel Co. Ltd., 496 F.3d 312, 317 (3d Cir. 2007). Second, under § 1391(b)(2), the destination of Andrews's journey on October 3, 2005, was in the Northern District of Georgia, Andrews worked for Norfolk Southern in Atlanta, Georgia, and a substantial portion of the events giving rise to Andrews's claim arose in the Northern District of Georgia. 28 U.S.C. § 1391(b)(2); Def. Cert. at ¶ 4. Finally, under § 1391(b)(3), Norfolk Southern maintains a facility in Atlanta, Georgia. 28 U.S.C. § 1391(b)(3); Def. Cert. at ¶¶ 4, 8. Therefore, under any prong of 28 U.S.C. § 1391(b), venue would lie in the Northern District of Georgia.

### 1. The Private Interests

While no list of the factors to be weighed concerning the private interests at stake are considered exhaustive, the Third Circuit in Jumara has recognized the following items:

> plaintiff's forum preference as manifested in the original choice;

>  the defendant's preference; whether the claim arose elsewhere; the
>  convenience of the parties as indicated by their relative physical
>  and financial condition; the convenience of the witnesses-but only
>  to the extent that the witnesses may actually be unavailable for trial
>  in one of the fora; and the location of books and records (similarly
>  limited to the extent that the files could not be produced in the
>  alternative forum).

55 F.3d at 879 (internal citations omitted). Some of these factors appear to weigh against transfer in this case. For example, Andrews elected to file this case in the State of New Jersey, and while this decision would ordinarily be a strong bulwark against transfer, however, none of the facts alleged in his complaint appear to have any New Jersey nexus , and such an attenuated connection to the chosen forum substantially undercuts the weight of Andrews's choice. Compare Tristata Tech., Inc. v. Emulgen Labs., Inc., — F. Supp 2d —, 2008 WL 508600, at *6 (D.Del. Feb. 25, 2008) (resident plaintiff availing itself of home forum) with Tischio, 16 F. Supp 2d at 521 (granting choice of forum less deference when unrelated to facts and not plaintiff's home forum); Pl. Opp. Br., unpaginated. In addition, although the location of books and records also would seem to weigh against transfer (since these documents may easily be transferred or transmitted to New Jersey), many of these documents would be located in the apparent place of Andrews's employment—the Northern District of Georgia. Therefore, the fact that said documents could be easily transferred to New Jersey does not weigh heavily against transfer.

The other private interest factors weigh in favor of transfer. Strongest among them is that the claim arose elsewhere, and that many of the facts at issue arose in Georgia, including Andrews's allegations concerning swastikas painted on trains in Atlanta.[1] (Compl. at Count 5, ¶

---

[1] The Court cannot determine from the filings of the parties the location of area "MP-36-H," where Andrews's train separated. Plaintiff's Certification states that he was terminated for violating a "Georgia Division Operations Bulletin No. 002" speed limitation; Defendant's

5.) Defendant's Certification also avers that Andrews was employed in Atlanta, Georgia, and this assertion is not disputed by his submissions in opposition to the motion. (Def. Cert. at ¶ 4.) The other factors, though not as important, also militate in favor of transfer to the Northern District of Georgia. The defendant prefers the Northern District of Georgia; the witnesses cited by the Defendants are located in Georgia; and the Plaintiff's mailing address is in Georgia, indicating a certain amount of convenience to him in a Northern District of Georgia forum. (Def. Br. at 20; Def. Cert. at ¶ 8; Compl. at 1.) While these factors are not a strong as they might be if some witness was known to be unavailable outside of Georgia or if Plaintiff was disabled and unable to travel, the combination of all of these factors together, in addition to the case arising out of activity in Georgia, causes the private interest factors to weigh in favor of transfer. 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

### 2.   The Public Interests

With respect to the public interests, this Circuit has enumerated the following:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-880. This Court finds that the public interest factors that are apparent based on the nature of the matter in question and mentioned by the parties weigh strongly in

---

Certification further indicates that the towns of Collins and Waring are located within "MP-36-H," but fails to provide a state for these locales. (Pl. Cert. at ¶ 14; Def. Cert. Ex. B at 2.) It would not be proper for this Court to conduct an independent inquiry as to the location of "MP-36-H" beyond the submissions of the parties, but the Court does note that based on these submissions, a substantial probability exists that part of "MP-36-H" lies within the state of Georgia.

7

favor of transfer. The practical concerns of cost, simplified case management, and easy administration weigh in favor of a forum close to the parties and witnesses. For instance, Defendants' Certification names three individuals "relevant to Plaintiff's claims" located in Georgia. (Def. Cert. at ¶ 8.) The state and federal courts of Georgia possess a much stronger interest in adjudicating employment matters involving Georgia residents and workplaces than the courts of New Jersey, despite the fact that the same employer might be active in both states. The jurisprudence of New Jersey's courts regarding the extraterritorial effect of New Jersey employment law also implies that public policy weighs against New Jersey as a forum for this case: "New Jersey law does not regulate conduct outside the state." D'Agostino v. Johnson & Johnson, Inc., 628 A.2d 305 (N.J. 1993); Bucilli v. Timby, Brown & Timby, 660 A.2d 1261, 1262 (N.J. Super. Ct. App. Div. 1995) ("Plaintiff's employment began and ended in Pennsylvania. She worked exclusively in that state and the conduct which she alleges was unlawful occurred there. Only Pennsylvania, not New Jersey, substantive law governs her claims."). Additionally, although this Court does not grant the relative caseload of different district courts great importance in its analysis, court congestion is a transfer consideration, and although this Court deeply respects the efforts of every federal district, it does take notice that the Northern District of Georgia received only 54% of the reported private civil filings received in the District of New Jersey for the last reported year. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) (referring to annual court statistics in analyzing transfer); Statistics Division, Administrative Office of the United States Courts, Federal Judicial Caseload Statistics, March 31, 2007 47, 51 (2007).

  This Court finds that the enforceability of any resulting judgment is a neutral public

interest factor and that it thus tacitly supports the status quo.  Finally, the fact that the rest of the applicable public interest factors come down in favor of transfer causes the public interests as a whole to weigh heavily in favor of transfer to the Northern District of Georgia.

Based on its balancing of the relevant factors in both the public and private interests as recognized by the Third Circuit in Jumara, that defendant has met its burden of demonstrating that the "interests of justice" argue strongly in favor of transfer.  28 U.S.C. § 1404(a); 55 F.3d 879-80.  Therefore this matter will be transferred to the Northern District of Georgia.

This Court notes that the Third Circuit has recently differed with the Eleventh Circuit over the application of a transferee or transferor forum's law when a choice of law question arises under a related staute, 28 U.S.C. § 1406(a), and that the potential for such finely textured choice of law issues seem to arise with frequency in transfer cases.  Therefore this Court will deny the remainder of the Defendant's motion to dismiss without prejudice because the current filings were drafted with regard to New Jersey and Third Circuit law.  See Lafferty v. St. Riel, 495 F.3d 72, 80-83 (3d Cir. 2007).  With regard to Plaintiff's request that this Court permit amendment of the Complaint under Federal Rule of Civil Procedure 15, this Court finds that transfer being proper, it is in the interest of comity between Districts that such an application should be not decided here but in the new forum, and thus denies the request without prejudice. See Exxon Corp. v. United States Dept. of Energy, 594 F.Supp. 84, 89 (Apr. 27, 1984) (declining to "become involved in a phase of this litigation that could seriously interfere with the continuing jurisdiction of a coordinate court").

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted only insofar as it requests transfer of this case to the Northern District of Georgia.  An appropriate order accompanies this opinion.


DATED: March 3, 2008                                          /s/ Jose L. Linares
                                                              United States District Judge